IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


ROBIN D. BOWSER,

                            Plaintiff,                      Case No. 3:15 CV 282

         -vs-

                                                   <u>MEMORANDUM   OPINION</u>

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

KATZ, J.

Robin Bowser applied for a period of disability and social security disability insurance benefits with the Social Security Administration.  After exhausting her available administrative remedies, the Commissioner of Social Security denied Ms. Bowser's application for benefits.

Ms. Bowser then sought judicial review of the Commissioner's decision.  The case was referred to Magistrate Judge Nancy A. Vecchiarelli for findings of fact, conclusions of law, and recommendations.  The Magistrate Judge issued a report recommending that the Court affirm the Commissioner's decision denying Ms. Bowser's application for benefits.  This matter is before the Court pursuant to Ms. Bowser's timely objections to the Magistrate Judge's report.  (Doc. No. 17).

The Court has jurisdiction over the Commissioner's final decision denying Ms. Bowser's request for benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832 (6th Cir. 2006).  In accordance with *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), the Court has made a de novo determination of the Magistrate Judge's report.  For the reasons stated below, the Court adopts the report and affirms the Commissioner's denial of benefits.

I.  Standard of Review

The Court conducts a de novo review of those portions of the Magistrate Judge's report to which Ms. Bowser objects. 28 U.S.C. § 636(b)(1). In so doing, the Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g). This Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec*., 127 F.3d 525, 528 (6th Cir. 1997). The Court does not re-weigh the evidence, but must affirm the Commissioner's findings as long as there is substantial evidence to support those findings, even if this Court would have decided the matter differently, and even if there is substantial evidence supporting the claimant's position. *See Brainard v. Sec'y of Health & Human Servs*., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Id*. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kyle v. Comm'r of Soc. Sec*., 609 F.3d 847, 854 (6th Cir. 2010) (citations and internal quotation marks omitted). The Commissioner's decision is not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. *Id*. at 854–55.

## II. Discussion

Ms. Bowser has not objected to the Magistrate Judge's factual summary of the case as set forth on pages one through ten of the report. Therefore, the Court adopts the Magistrate Judge's summary of the facts. Ms. Bowser raises two objections to the Magistrate Judge's report. The first objection is that she is entitled to a remand in light of a functional capacity evaluation which was not available for the ALJ's consideration, but was submitted to the Appeals Council for

2

review.  The second objection is that the ALJ failed to provide good reasons for not giving controlling weight to the opinion of Dr. Steven Dood, a treating physician.

Ms. Bowser's request for a remand under 42 U.S.C. § 405(g) is denied.  The Sixth Circuit has held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review.  *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision.").  "The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Id*.

For the purposes of a § 405(g) remand, evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding."  *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).  Such evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).  A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984).  The burden of showing that a remand is appropriate is on the claimant.  *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).

3

The Appeals Council considered the functional capacity evaluation, but found that the report did not provide a basis for changing the ALJ's decision.  (Doc. No. 9, p. 1–2).  Ms. Bowser argues that the Court should remand her case to the Commissioner for further consideration of the functional capacity evaluation.

In her objections to the Magistrate Judge's report, Ms. Bowser fails to discuss how she has established good cause for her failure to present the evaluation to the ALJ.  However, in her merits brief and response to the Commissioner's brief (Doc. Nos. 10, 15), which were reviewed by the Magistrate Judge, Ms. Bowser states that there is good cause for her failure to make the evaluation a part of the record before the ALJ.  She contends her medical providers felt that she required additional time to recover from her May 2013 cervical laminectomy before undergoing a full functional capacity evaluation.  Ms. Bowser cites to a statement from Dr. Michael Healy which indicated that as of June 5, 2013, Ms. Bowser's physical therapist would permit a functional capacity evaluation of only her lower extremities.  (Doc. No. 9, p. 918).  The Commissioner's position is that during the administrative hearing on June 13, 2013, Ms. Bowser's counsel should have informed the ALJ of the potential for a functional capacity evaluation in the near future and requested that the ALJ keep the record open.

Ms. Bowser states the evaluation is material because it limited her to performing sedentary work and showed she had manipulative limitations.  Had the ALJ adopted these limitations, Ms. Bowser is of the position that a finding of disability would have been warranted under 20 C.F.R. Part 404, Subpart P, Appendix 2, or by the vocational expert's testimony.  Ms. Bowser emphasizes that the evaluation showed she fell into the bottom first percentile for hand dexterity and

4

coordination on the Purdue Pegboard Test.  She states that the jobs the vocational expert identified do not accommodate her limitations.

Even if the Court assumed that there was just cause for the late submission of the functional capacity evaluation, Ms. Bowser has failed to show how the evaluation would alter the Commissioner's decision.  *Sizemore*, 865 F.2d at 711.  The only functional limitation the physical therapist included in the evaluation was a restriction that Ms. Bowser could perform sedentary work.  (Doc. No. 9, p. 16–17).  The vocational expert identified numerous jobs that an individual with Ms. Bowser's limitations could perform at the sedentary level.  (Doc. No. 9, pp. 102–04).  Therefore, Ms. Bowser has not met her burden of demonstrating that the evaluation would alter the Commissioner's decision and thus entitle her to a remand under § 405(g).  *Id.*

Regarding the ALJ's assessment of Dr. Dood's March 2011 opinion, Dr. Dood felt Ms. Bowser was unable to lift more than ten pounds, could not climb stairs for eight weeks, and could not participate in physical therapy for six weeks after her surgery.  (Doc. No. 9, p. 379).  Dr. Dood found Ms. Bowser "incapacitated" from October 12, 2010, until July 31, 2011.  (Doc. No. 9, p. 380).  "An ALJ must give the opinion of a treating source controlling weight if he finds the opinion well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the case record."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal quotation marks, alterations, and citation omitted).  If an ALJ decides to give a treating source's opinion less than controlling weight, the ALJ must give "good reasons" for doing so.  *Id.*  Those reasons must be sufficiently specific so as to make clear the weight given to the treating physician's opinion and the reasons the ALJ gave for that weight.  *Id.*

The ALJ's evaluation of Dr. Dood's opinion does not require a remand as the ALJ gave good reasons for assigning the opinion little weight.  The ALJ explained Dr. Dood's

> checklist-style form appears to have been completed as an accommodation to the claimant and includes only conclusions regarding functional limitations without any rationale for those conclusions.  Furthermore, the undersigned finds this evidence has no probative value because of the remote date of the opinion, which was only relevant to the claimant's [ ] post-operative period of recovery.

(Doc. No. 9, p. 41).

Dr. Dood completed the form on March 6, 2011, just days after Ms. Bowser's February 23, 2011, lumbar spine surgery.  The form demonstrates that the restrictions were imposed for post-operative recovery.  Dr. Dood prohibited Ms. Bowser from climbing stairs for eight weeks and advised her to wait six weeks post-surgery before beginning physical therapy.  Dr. Dood's opinion that Ms. Bowser was "incapacitated" was for a period of nine months, beginning on the date of her first lumbar spine surgery and ending five months after her second lumbar spine surgery.  Under *Wilson*, the ALJ gave sufficient reasons on why he did not give Dr. Dood's opinion controlling weight.  *Id.*

### III.  Conclusion

Accordingly, Ms. Bowser's objections to the Magistrate Judge's report are overruled.  The Magistrate Judge's report and recommendation is adopted and the Commissioner's denial of Ms. Bowser's application for a period of disability and for social security disability insurance benefits is affirmed.

IT IS SO ORDERED.

 s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

6